MARIE W. KRAFSKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krafsky v. Commissioner
Docket No. 17452-89
United States Tax Court
T.C. Memo 1991-579; 1991 Tax Ct. Memo LEXIS 627; 62 T.C.M. (CCH) 1312; T.C.M. (RIA) 91579; November 26, 1991, Filed *627 An appropriate order and decision will be entered. John R. Crayton, for the petitioner. Lisa Primavera-Femia, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM OPINION This matter is before the Court on Petitioner's Motion for an Award of Attorney's Fees and Costs under section 7430 and Rule 231. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner's claim for litigation costs arises out of our opinion in , in which we found that petitioner was an innocent spouse within the meaning of section 6013(e) regarding taxable year 1986. We incorporate that opinion herein by reference. The issues for decision are (1) whether petitioner is entitled to an award of litigation costs pursuant to section 7430, and if so, (2) the amount of litigation costs to be awarded. Petitioner claims $ 2,706.60 in litigation costs. Under section 7430, a petitioner may be awarded a judgment for reasonable litigation costs if he (1) has exhausted *628 administrative remedies, (2) has established that respondent's position was not substantially justified, (3) has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues, (4) has met the net worth requirement, and (5) has not unreasonably protracted any portion of the administrative or court proceeding. The parties are in agreement that petitioner satisfies the above conditions, except they disagree as to whether respondent's position during court proceedings was substantially justified. Whether respondent's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as legal precedents relating to the case. ; , affd. ; . The fact that respondent eventually loses or concedes the case is not determinative as to whether the taxpayer is entitled to an award of litigation costs. *629 ; . Petitioner has the burden of establishing that respondent's position was not substantially justified. Rule 232(e); , affd. . Under section 7430(c)(7)(A), respondent's court position is the position taken in the judicial proceeding. Section 7430(c)(6) defines the term "court proceeding" as "any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court)." In the instant case, because petitioner does not ask for administrative costs, the position of the United States is the position taken by respondent in this Court. Sec. 7430(c)(7)(A). Accordingly, the relevant date for examining respondent's position is July 14, 1989, the date the petition was filed. Litigation costs will be awarded or denied based on respondent's actions from the date the petition was filed through the conclusion of the court proceedings. A taxpayer's entitlement to innocent spouse relief is determined only *630 after examination of all appropriate facts and circumstances. In this case, prior to trial, respondent possessed evidence supporting his position that petitioner was not entitled to innocent spouse relief. Specifically, petitioner admitted knowledge of her spouse's financial and tax difficulties. Further, while petitioner claimed that she was unaware of receiving any unreported income, evidence indicated that funds from her spouse were deposited to a bank account identified with her social security number, and that a Form 1099 was issued to her with respect to that account. Although petitioner disputed respondent's interpretation of this and other evidence, the pretrial record shows no indication of any dispositive or even sufficient proof in petitioner's favor. After hearing testimony at trial and examining the parties' briefs, we concluded that in light of all the facts and circumstances, petitioner was indeed entitled to innocent spouse relief. However, although we ultimately disagreed with respondent's position, our conclusion did not mean that respondent's position was not substantially justified. Respondent brought the case to trial based on his interpretation of the *631 law as applied to the facts he possessed. The pretrial evidence in this case was capable of supporting respondent's interpretation, and only after a full trial and briefing did we make a determination in petitioner's favor on the merits of the case. It is inappropriate to award petitioner litigation costs under these circumstances. , affd. . Accordingly, we find that petitioner has not sustained her burden of proving that respondent's position was not substantially justified, and therefore we deny petitioner an award for litigation costs. An appropriate order and decision will be entered.